IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN WESLEY RAUCH,

    Plaintiff,

v.                                  No. CV 13-1232 MCA/KK

EDDY COUNTY SHERIFFS OFFICE,
EDDY COUNTY DET. CENTER,
RAYMOND SMITH, EDDY CO. DEPUTY,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint and supplements thereto (Docs. 1, 15, 16, 17). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The caption of the complaint names three Defendants, and in text additional Defendants are identified. Plaintiff asserts three claims. He alleges that Deputy Smith committed illegal search and seizure, the Eddy County Sheriff's Office failed to properly train Defendant Smith, and staff at the Eddy County Detention Center denied Plaintiff necessary medical treatment. He contends that Defendants' actions violated the Third, Fourth, Fifth, Eighth, and Fourteenth Amendments as well as certain state laws. The complaint seeks damages.

Plaintiff's allegations do not support claims of due process or equal protection violations, or claims under the Third or Fifth Amendments. First, unreasonable searches and seizures are proscribed by the Fourth Amendment. *See United States v. Nichols,* 841 F.2d 1485, 1510 n.1 (10th Cir. 1988). The case that Plaintiff cites in support of his state constitutional due process claim, *State v. Vallejos*, 945 P.2d 957 (N.M. 1997), does not analyze search and seizure claims, but rather discusses "entrapment, whether subjective or objective, [which] involves matters of due process under Article II, Section 18 of the New Mexico Constitution," *id.* at 967. Nor does Plaintiff make a plausible allegation of disparate treatment, that is, that similarly situated individuals are treated differently, and the complaint thus fails to provide a basic element of an equal protection claim. *See, e.g., Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1118 (10th Cir. 1991).

Furthermore, "the Third Amendment states that no soldier should be quartered during peacetime in any house 'without the consent of the Owner.' " *Nichols,* 841 F.2d at 1510 n.1. Another court recently described allegations like Plaintiff's thus: "[p]erhaps the most frivolous allegation in this case is that Defendants violated [plaintiff]'s Third Amendment rights by

intruding into his personal residence." *Kortlander v. Cornell*, 816 F. Supp. 2d 982, 993 (D. Mont. 2011). Likewise, Defendant Smith did not violate Plaintiff's Fifth Amendment grand jury rights. As the Court of Appeals for the Tenth Circuit has stated, "To the extent that [Plaintiff]'s Fifth Amendment claim does not merely restate [his] Fourth Amendment claim, we note that the Fifth Amendment right to grand jury indictment has never been 'incorporated' via the Fourteenth Amendment as a substantive restriction on state criminal procedure, and thus may not be the basis of a claim under 42 U.S.C. § 1983." *Clanton v. Cooper*, 129 F.3d 1147, 1155 (10th Cir. 1997) (citing *Branzburg v. Hayes,* 408 U.S. 665, 688 n.25 (1972)). The Court will dismiss Plaintiff's due process and equal protection claims as well as those under the Third and Fifth Amendments.

Furthermore, Plaintiff's allegations that the Eddy County Sheriff's Office failed to adequately train Defendant Smith do not support a § 1983 claim. Plaintiff makes no factual allegation of inadequate training; he simply asserts that "those who's role to instruct Deputy Smith should be called to give account." This falls far short of an allegation that the Sheriff failed to properly train Deputy Smith " 'with "deliberate indifference" as to its known or obvious consequences.' " *Crownover v. City of Lindsay*, No. 99-6346, 2000 WL 1234852, at *3 (10th Cir. Sept. 1, 2000) (quoting *Bd. of Cnty Comm'rs v. Brown*, 520 U.S. 397, 407 (1997)). The Court will dismiss Plaintiff's claims against the Eddy County Sheriff's Office.

No relief is available on Plaintiff's claims against the Eddy County Detention Center. In an action under § 1983, "a detention facility is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) (quoted in *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001). The Court will dismiss Plaintiff's claims against Defendant Eddy County Detention Center.

The docket indicates that a recent mailing to Plaintiff was returned undelivered (Doc. 28).

According to the "offender search" page of the New Mexico Corrections Department website, http://corrections.state.nm.us:8080/OffenderSearch/ (last visited on November 5, 2014), Plaintiff is currently confined at the Western New Mexico Correctional Facility.  *See United States v. Klein*, --- F. App'x ----, No. 14-6165, 2014 WL 5578735, at *1 n.1 (10th Cir. Nov. 4, 2014) ("tak[ing] judicial notice of information on 'prisoner locator' website[]").  The docket will be corrected accordingly.

IT IS THEREFORE ORDERED that Plaintiff's equal protection and due process claims are DISMISSED; claims under the Third and Fifth Amendments are DISMISSED; claims against Defendants Eddy County Sheriff's Office and Detention Center are DISMISSED; Defendants Eddy County Sheriff's Office and Detention Center are DISMISSED as parties to this action; and pending motions (Docs. 15, 16, 23) are DENIED as moot;

IT IS FURTHER ORDERED that the Clerk is directed to update Plaintiff's address on the docket; add Defendants Nurse Ruthie LNU and Officer Lopez to the docket; and issue notice and waiver of service forms, with copies of this Order and the complaint (Docs. 1, 15, 16, 17), to Defendant Smith on Plaintiff's claims under the Fourth Amendment of the U.S. Constitution and Article II of the New Mexico Constitution, and to Defendants Nurse Ruthie LNU and Officer Lopez on Plaintiff's Eighth Amendment claim for denial of medical treatment.

_____
UNITED STATES DISTRICT JUDGE